NICKEL ET AL., RESPONDENTS, *v.* HODGENS, APPELLANT.

(No. 2,434.)

(Submitted June 18, 1907. Decided June 28, 1907.)

[90 Pac. 757.]

*Mines—Leases—Royalty—Pleadings—Complaint — Real   Party in Interest.*

1.  Defendant contracted to lease plaintiff's interest in a mine for a fixed royalty of $1,000 per month, "payable to plaintiffs," payments to be made to a certain bank, to  apply on an indebtedness of plaintiffs secured by a mortgage on the property. Plaintiffs sued to recover royalty unpaid for several months, alleging that defendant had failed to pay plaintiffs, or either of them, or anyone for them, etc. *Held,* that defendant was not entitled to claim that the bank was the real party in interest and that the complaint was demurrable for failure to charge that the indebtedness to the bank had been paid, or that plaintiffs had acquired the bank's interest in the contract.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Elizabeth C. Nickel and others against Thomas M. Hodgens.  From a judgment in favor of the plaintiffs, defendant appeals.  Affirmed.

*Mr. M. S. Gunn,* and *Mr. Chas. R. Leonard,* for Appellant.

In .support of the contention that the plaintiffs are not the real parties in interest, and that the complaint does not state a cause of action in their favor, see the following authorities: *Washer* v. *Mining Co.,* 142 Cal. 702, 76 Pac. 654; *Bassett* v. *Hughes,* 43 Wis. 319; *Brown* v. *Markland,* 16 Utah, 360, 67 Am. St. Rep. 629, 52 Pac. 597; *Morgan* v. *Mining Co.,* 37 Cal. 534; *Flint* v. *Cadenasso,* 64 Cal. 83, 28 Pac. 62; *Clark* v. *Howard,* 150 N. Y. 232, 44 N. E. 695; *Putnam* v. *Farnham,* 27 Wis. 187, 9 Am. Rep. 459.  As between the parties of the first part to said contract and appellant, the appellant became primarily liable to the bank, and the parties of the first part to said con-

tract occupied the position of a surety. Until plaintiffs have paid the bank they have no right of action against the appellant. (*Poe* v. *Dixon,* 60 Ohio St. 124, 71 Am. St. Rep. 713, 54 N. E. 86.)

*Messrs. Forbis & Evans,* and *Mr. John E. Corette,* for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment of the district court in and for Silver Bow county in favor of the plaintiffs upon the pleadings.

It appears from the pleadings that on February 24, 1900, Cornelius Sullivan, Julia Sullivan, Henry Nickel, and Elizabeth C. Nickel entered into a contract with Thomas M. Hodgens, the defendant, whereby the first-named parties leased to Hodgens a two-thirds interest in the Homestake mine for the term of one year. Among other conditions, the contract between the parties, which was in writing, contained the following: "That he [Hodgens] will pay to the parties of the first part, as a fixed royalty, one thousand dollars per month, beginning with the month of May, 1900, all payments of royalty to apply on the bond hereinafter contained, said payments to be made to the First National Bank of Butte, Montana, to apply on the indebtedness of the parties of the first part of $10,031.75, and interest at one per cent per month, said indebtedness being secured by a mortgage on the property hereinafter described, and leased, and said first parties agree, before demanding the final payment under the bond hereinafter mentioned, to pay off, cancel and discharge the said mortgage and all other liens and encumbrances against said property."

Plaintiffs attach a copy of the contract to their complaint and allege full performance of the same on their part. They also allege as follows: "That the defendant, Thomas M. Hodgens has committed a breach of said agreement, in this: That

he has failed and refused to pay to said first parties to said agreement and to said plaintiffs herein, or to anyone for any of said parties, the sum of $1,000 monthly reserved and expressed in and required by said agreement to be paid by said defendant for the months of October, 1900, November, 1900, December, 1900, January, 1901, and February, 1901, amounting in all [to] the sum of five thousand dollars ($5,000.00) and interest at the legal rate upon the several sums as they severally became due.''

Defendant's answer is as follows: ''Comes now the defendant in the above-entitled action, and, for his answer to the complaint on file therein, says:

''He admits the execution of the agreement set forth in said complaint, but denies that defendant has committed a breach of said agreement as alleged in said complaint, or otherwise or at all.

''Admits that defendant failed to pay to first parties to said agreement the sum of $1,000 for the months of October, 1900, November, 1900, December, 1900, January, 1901, and February, 1901, amounting in all to the said sum of $5,000. Admits that defendant never paid any interest on said amount, or any part thereof.

''Further answering, defendant says that said agreement contains a provision in the following words, to-wit: 'In case second party abandons this lease he shall give first parties two weeks' notice in writing of his intention so to do.'

''And defendant alleges that more than two weeks prior to the month of October, 1900, he gave to Elizabeth Nickel, as executrix of the estate of Henry Nickel, deceased, and also to Con. Sullivan, notice in writing of his intention to abandon and surrender said lease, and defendant alleges that, by reason thereof, he became under the terms of said lease and agreement freed and absolved from his obligation to pay the rental of $1,000 each for the months of October, 1900, November, 1900, December, 1900, January, 1901, and February, 1901, and that said lease became null and void, and plaintiffs never became

and are not now entitled to recover said amounts nor any amount whatever from the defendant.

"Denies that said amount, or any part thereof, is due, owing, or unpaid.

"Wherefore, having fully answered, defendant asks judgment for his costs herein expended."

Plaintiff by replication admitted the clause regarding notice set forth in the answer, but denied every other allegation thereof. As before stated, the district court of Silver Bow county entered judgment on the pleadings for the plaintiff, and this appeal is prosecuted from that judgment.

The only contention made by the defendant in this court is that the complaint does not state a cause of action, because the contract provided that the payments to be made by the defendant should "be made to the First National Bank of Butte, Montana, to apply on the indebtedness of the parties of the first part," and it is not alleged that the indebtedness to the bank had been paid, or that the plaintiffs had acquired the interest of the bank in the contract, and therefore that plaintiffs are not the real parties in interest. It will be noted, however, that the complaint does allege that the defendant has failed to pay plaintiffs, or either of them, or anyone for them. It will also be noted that the contract provides that the moneys shall be paid "to the parties of the first part," and also that it recites that the money due the First National Bank was secured by a mortgage on the property leased. Under these circumstances we do not think that the cases cited by the defendant are at all in point. This contract was not for the benefit of the bank, which was secured, but for the benefit of the lessors, and the defendant expressly agreed to pay the royalty therein provided for to the lessors.

The complaint shows that the defendant has not paid the amounts due to the plaintiffs, or anyone else, and he cannot therefore be heard to say, in view of the phraseology of the contract, that the First National Bank of Butte is the real party in interest, or that he is even contingently liable to that insti-

tution.    The stipulation to pay the money into the bank merely pointed out the mode of payment to the plaintiffs under the contract.

As to whether the answer did not raise an issue that would preclude the court from granting a judgment on the pleadings we do not decide and have not considered, because the only question presented was whether the complaint states a cause of action.

We find no error in the action of the district court, and the judgment is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.